UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALEXANDER MOTLEY,

        Petitioner,

v.                                    CASE NO. 10-13132
                                    HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S REQUEST
## FOR REINSTATEMENT OF HIS HABEAS PETITION

### I. Background

This matter is pending before the Court on petitioner Edward Alexander Motley's *pro se* request to reinstate his habeas corpus petition, which was filed through counsel on August 6, 2010, and dismissed without prejudice on February 22, 2011. The habeas petition challenges Petitioner's Wayne County conviction for criminal sexual conduct in the first degree. The grounds for relief allege that: (1) the trial court erred when it allowed the People to amend the criminal information during trial to change the dates of the alleged offenses; (2) the prosecution's failure to provide discovery before trial violated Petitioner's right to due process; (3) the trial court erred during jury deliberations when it read only the direct examination of the complaining witness to the jury; and (4) the successor trial court abused its discretion by denying Petitioner's motion for a new trial.

At the time Petitioner filed his habeas corpus petition in this case, he had a prior petition pending before United States District Judge Thomas L. Ludington. *See Motley v.*

*Romanowski,* No. 08-10428 (E.D. Mich. 2008). Petitioner styled his 2010 petition as an original action, as opposed to an amended petition in his 2008 case, which challenged the same conviction.[1] And even though Petitioner was represented by counsel, he did not pay the $5.00 filing fee. Consequently, on August 6, 2010, the Clerk of the Court notified Petitioner that his petition could be dismissed if he did not pay the filing fee or apply for leave to proceed *in forma pauperis* within seven calendar days.

After six months, Petitioner still had not paid the $5.00 filing fee or taken any other action in this case, and Judge Ludington had dismissed the 2008 petition. Therefore, on February 22, 2011, the Court dismissed this case without prejudice for lack of prosecution. *See* document #3, filed Feb. 22, 2011.

Six months after the Court dismissed this case, Petitioner paid the $5.00 filing fee, and approximately a month later on September 22, 2011, Petitioner filed the pending request for reinstatement of his habeas petition. He alleges that his attorney was paid $2,800 to handle this case, that there was no excuse for the failure to pay the filing fee, and that his attorney failed to tell him that his case was dismissed. Petitioner further alleges that he attempted, without success, to contact his attorney when he learned about his case being dismissed and, in his opinion, his attorney has abandoned him.

## II. Discussion

As noted, Petitioner filed his habeas petition in this case while his prior petition was still pending in this District. If a *pro se* habeas corpus petition is filed while an earlier petition is still pending in the district court, the district court must construe the second

---

[1] The 2008 petition alleged that (1) the prosecution presented insufficient evidence to sustain Petitioner's conviction, (2) the trial court properly directed a verdict of acquittal, and (3) the Michigan Court of Appeals erred when it reversed the trial court's decision and reinstated the jury's verdict.

petition as a motion to amend the first petition. *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (cited with approval in *In re Juan E. Fitchett*, No. 10-2045 (6th Cir. June 6, 2011) (unpublished)).

*Woods* is distinguishable from this case in that Mr. Woods represented himself, whereas Petitioner was represented by counsel. In fact, the same attorney represented Petitioner in his 2008 case and in this case. The attorney could have sought permission to file the 2010 claims as amendments or supplemental arguments in the 2008 petition. Thus, there is no need to liberally construe Petitioner's second habeas petition as a motion to amend the first petition or to hold the petition to a less stringent standard than formal pleadings drafted by lawyers. *See Beaty v. Schriro*, 554 F.3d 780, 782 (9th Cir.) (distinguishing Mr. Beaty's case from *Woods* because Mr. Woods was a *pro se* litigant "and the *Woods* court specifically emphasized the importance of liberality in pleading requirements in pro se cases"), *cert. denied*, __ U.S. __, 130 S. Ct. 364 (2009).

The *Woods* case is distinguishable for an additional reason. Mr. Woods filed his second petition six months after his initial petition. Petitioner, in contrast, waited over two years after filing his 2008 petition before filing his claims in this case. Although Petitioner claims that his attorney abandoned him in this case, he had no right to effective assistance of counsel on habeas corpus review. *Wilson v. Greene*, 155 F.3d 396, 410 (4th Cir. 1998) (Michael, C.J., concurring in part and concurring in the judgment) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)).

The Court concludes that *Woods* does not apply here and, therefore, the Court is not required to treat Petitioner's 2010 habeas petition as a motion to amend the 2008 petition. The 2010 petition is in essence a second or successive petition, which the Court

cannot address unless the Federal Court of Appeals for the Sixth Circuit issues an order authorizing this Court to consider Petitioner's claims.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Because the Court lacks jurisdiction to consider Petitioner's claims, absent an order from the Court of Appeals authorizing the filing of a second or successive petition, the request for reinstatement of the habeas petition [docket number 4, filed Sept. 22, 2011] is **DENIED**.

                                             s/Denise Page Hood
                                             United States District Judge

Dated:  October 13, 2011

I hereby certify that a copy of the foregoing document was served upon Edward A. Motley #229441, 9625 Pierce Road and counsel of record on October 13, 2011, by electronic and/or ordinary mail.

                                             s/LaShawn R. Saulsberry
                                             Case Manager