UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALEXANDER MOTLEY,

        Petitioner,

v.                                                                                  CASE NO. 10-13132
                                                                                HONORABLE DENISE PAGE HOOD

LLOYD RAPELJE,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF
FROM THE ORDER DENYING REINSTATEMENT OF THIS CASE**

**I. Background**

This is a habeas corpus action under 28 U.S.C. § 2254. Petitioner filed his habeas petition through counsel on August 6, 2010. On the same day, a deputy court clerk notified counsel in writing that the fee had not been paid and that counsel had seven calendar days to pay the fee or to submit an application for leave to proceed *in forma pauperis*. The notice stated that failure to cure the defect could result in a dismissal of this action.

Over six months later, the fee still had not been paid and neither Petitioner, nor his attorney, had communicated with the Court or requested leave to proceed *in forma pauperis*. Accordingly, on February 22, 2011, the Court dismissed the case without prejudice for lack of prosecution.

On August 26, 2011, after another six months had elapsed, the Court received the filing fee of $5.00, and on September 22, 2011, Petitioner filed a letter asking the Court to reinstate his case. He alleged that there was no excuse for his retained attorney not to

have paid the filing fee and that he was unable to contact his attorney when he learned that his case had been dismissed.

On October 13, 2011, the Court denied Petitioner's request for reinstatement. The Court noted that Petitioner had a prior habeas petition pending before another judge in this district when he filed his habeas petition in this case. The prior conviction challenged the same conviction as the conviction in this case. *See Motley v. Romanowski*, No. 1:08-cv-10428 (E.D. Mich. 2008). The Court therefore concluded that Petitioner's habeas petition was a second or successive petition, which the Court had no jurisdiction to adjudicate without prior authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Petitioner is now represented by a different attorney. He seeks relief from the Court's order denying his request for reinstatement of his habeas petition.

## II. Discussion

Petitioner filed his motion under Federal Rule Civil Procedure 60(b), which

> allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

*Gonzalez v. Crosby*, 545 U.S. 524, 528-529, 125 S. Ct. 2641, 2645-46, 162 L.Ed.2d 480 (2005) (footnote omitted). A movant seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment. Such

circumstances will rarely occur in the habeas context." *Id.,* 545 U.S. at 535; 125 S. Ct. at 2649.

Petitioner argues that his habeas petition should have been treated as an amendment or supplement to his previous petition and not as a second or successive petition. The Court considered and rejected this argument in its order denying Petitioner's request for reinstatement. The Court acknowledged *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008), a case in which the Ninth Circuit Court of Appeals held that a habeas petitioner's second-in-time petition should have been treated as an amendment to his first petition, because the first petition was still pending when the petitioner filed his second petition. The Court then distinguished Petitioner's case from *Woods* where the petitioner was proceeding without an attorney and filed his second petition six months after he filed his first petition. Unlike the petitioner in *Woods*, Petitioner was represented by counsel, and he waited two and a half years after filing his first petition to file his second petition.

Petitioner has not objected to the Court's reasoning, nor cited any case law to support his argument that his petition should have been treated as an amendment or supplement to his prior case. Instead, he contends that his former attorney abandoned him and that he should be permitted to have his habeas petition reinstated.

**Attorney Abandonment**

The Supreme Court has determined that an attorney's abandonment of a client can be "cause" for a petitioner's procedural default in state court. *See Maples v. Thomas*, __ U.S. __, __, 132 S. Ct. 912, 927 (2012). Egregious instances of attorney misconduct also can justify equitable tolling of the one-year statute of limitations for habeas petitions. *See Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2562-64, 177 L.Ed.2d 130 (2010). The

question here is whether Petitioner's former attorney's failure to cure the procedural defect in this case is an "extraordinary circumstance" entitling Petitioner to relief from a court order under Rule 60(b)(6).

As noted, an extraordinary circumstance justifying the reopening of a final judgment under Rule 60(b) "will rarely occur in the habeas context." *Gonzalez,* 545 U.S. at 535, 125 S.Ct. at 2649. Such a circumstance "will be particularly rare where the relief sought is predicated on the alleged failures of counsel in a prior habeas petition. That is because a habeas petitioner has no constitutional right to counsel in his habeas proceeding . . . ." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991)); *see also Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005) (stating that "a petitioner does not have a constitutional right to habeas counsel, much less a right to effective habeas counsel").

> [T]herefore, to be successful under Rule 60(b)(6), [a habeas petitioner] must show more than ineffectiveness under *Strickland v. Washington*, 466 U.S. 668, 104 S Ct. 2052, 80 L.Ed.2d 674 (1984). To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or *pro se*.

*Harris*, 367 F.3d at 77. Stated differently, "a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." *Id.* at 81.

Unlike the attorneys in *Maples,* Petitioner's attorney did not stop representing him, nor leave him without an attorney of record. The attorney may have neglected this case, but he continued to represent Petitioner in his prior habeas case, and Petitioner has not complained about the quality of counsel's legal work in the other case. Petitioner was not deprived of an opportunity to be heard. At most, Petitioner implies that his former attorney

4

was negligent and ineffective for failing to raise additional issues in the first petition.

A habeas attorney's negligence falls short of a claim of abandonment, *Towery v. Ryan*, __ F.3d __, __, No. 12-15071, 2012 WL 614677, at *12 (9th Cir. Feb. 27, 2012), and is not sufficient to warrant relief under Rule 60(b). *See Harris*, 367 F.3d at 81 (stating that, "for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance") (citations omitted). Here, Petitioner was not left without an attorney, nor subjected to such a serious breach of the duty of loyalty that it severed the attorney-client agency relationship. *See Towery v. Ryan*, __ F.3d __, __, No. 12-15071, 2012 WL 614677, at *7 and *12 (9th Cir. Feb. 27, 2012). Thus, Petitioner is bound by his former attorney's omissions and cannot rely on those omissions to obtain relief. His claim of abandonment is unpersuasive.

### III. Conclusion

Petitioner has failed to demonstrate extraordinary circumstances entitling him to relief from the Court's order denying reinstatement. Accordingly, his motion for relief from the order [document #6, dated January 18, 2012] is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 30, 2012

5

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2012, by electronic and/or ordinary mail.

                        S/LaShawn R. Saulsberry
                        Case Manager